## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 27 2018, 10:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Melissa M. Serrano,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 27, 2018<br><br>Court of Appeals Case No.<br>42A04-1709-CR-2039<br><br>Appeal from the Knox Superior Court<br><br>The Honorable Ryan D. Johanningsmeier, Judge<br><br>Trial Court Cause No.<br>42D02-1705-CM-400 |

**Bailey, Judge.**

# Case Summary

[1] Melissa Serrano ("Serrano") appeals her conviction for Resisting Law Enforcement, as a Class A misdemeanor,[1] presenting the sole issue of whether there is sufficient evidence of force to support the conviction. We reverse.

# Facts and Procedural History

[2] On May 5, 2017, Vincennes Police Officer Shane Selby ("Officer Selby") and other officers responded to a 9-1-1 call placed either by Serrano or her friend. During the investigation, Officer Selby learned that there was an active warrant for Serrano's arrest for false informing.

[3] At the time that the warrant was discovered, Serrano was standing in the doorway of her apartment. Officer Jonathan Alexander ("Officer Alexander") asked Serrano to come outside and speak with the officers; in response, Serrano attempted to close the door and retreat into her apartment. Officer Alexander "grabbed a hold of the door" and both officers "grabbed a hold of [Serrano] and was [sic] bringing her out and she started to struggle." (Tr. at 7.) The officers placed Serrano in handcuffs, with her "yelling at" them. (Tr. at 7.)

[4] Serrano was charged with resisting law enforcement and was convicted of that charge in a bench trial conducted on August 7, 2017. Serrano was sentenced to

---

[1] Ind. Code § 35-44.1-3-1(a)(1).

a one-year term of imprisonment, all suspended to formal probation with work release.  Serrano now appeals.

# Discussion and Decision

[5]  In reviewing a sufficiency of the evidence claim, we do not reweigh the evidence or assess the credibility of witnesses.  *K.W. v. State*, 984 N.E.2d 610, 612 (Ind. 2013).  We look to the evidence and reasonable inferences drawn therefrom that support the judgment, and affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt.  *Id.*  We will reverse if there is no evidence or reasonable inference to support any one of the necessary elements of the charged offense.  *Id.*

[6]  The basic offense of resisting law enforcement has five essential elements.  *See id.*  Pursuant to Indiana Code Section 35-44.1-3-1, a defendant has committed resisting law enforcement when he or she (1) knowingly or intentionally (2) forcibly (3) resisted, obstructed, or interfered with (4) a law enforcement officer (5) while the officer was lawfully engaged in the execution of the officer's duties.  *Id.*  One "forcibly" resists law enforcement when "strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties."  *Id.* (citing *Spangler v. State*, 607 N.E.2d 720, 723 (Ind. 1993)).  The level of force need not rise to the level of mayhem, but the statute does not demand complete passivity.  *Id.*  Merely walking away from a law-enforcement encounter, leaning away from an officer's grasp, or twisting and turning a little

bit against an officer's actions are examples of conduct that do not amount to "forcible" resistance. *Id.*

[7] The State presented a sole witness, Officer Selby, who testified that Officer Alexander grabbed Serrano by one arm, and he took the other. Officer Selby further testified that Serrano "started to struggle," Tr. at 7, but on cross-examination, he clarified that Serrano was "not violent":

> Question: Did she push Officer Alexander that you saw?
>
> Officer Selby: No.
>
> Question: Did she strike either one of you?
>
> Officer Selby: No.
>
> Question: Did she kick either one of you?
>
> Officer Selby: No.
>
> Question: Did she become overly violent with either of you?
>
> Officer Selby: She was resisting. She was –
>
> Question: I didn't ask if she was resisting. That's for the Court to decide, was she overly violent with you?
>
> Officer Selby: Not violent. No.

(Tr. at 14.)

[8]     The State directs our attention to the testimony that Serrano "yanked her arms away" and that something "like a tug of war" took place. (Tr. at 16.) This testimony indicates that there was movement back and forth with exertion by both the officers and Serrano. However, we are mindful that Officer Selby specifically denied that Serrano's conduct was violent. Without evidence of the material element of "forcible" resistance, as defined in *K.W.* and *Spangler*, Serrano's conviction for resisting law enforcement cannot be sustained.

[9]     Reversed.

Kirsch, J., and Pyle, J., concur.